**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

---

**No. 05-4005**

---

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

versus

RAYMOND LAMONT WATLINGTON, a/k/a Lamont Watlington,

Defendant - Appellant.

---

Appeal from the United States District Court for the Middle District of North Carolina, at Durham. N. Carlton Tilley, Jr., Chief District Judge. (CR-04-141)

---

Submitted: June 17, 2005            Decided: July 18, 2005

---

Before MICHAEL, GREGORY, and DUNCAN, Circuit Judges.

---

Affirmed by unpublished per curiam opinion.

---

Louis C. Allen, III, Federal Public Defender, Eric D. Placke, Assistant Federal Public Defender, Greensboro, North Carolina, for Appellant. Anna Mills Wagoner, United States Attorney, Harry L. Hobgood, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

---

Unpublished opinions are not binding precedent in this circuit. See Local Rule 36(c).

PER CURIAM:

Raymond Lamont Watlington pled guilty to attempted bank robbery, in violation of 18 U.S.C. § 2113(a) (2000). Watlington was sentenced to 55 months' imprisonment, followed by five years' supervised release. Watlington appeals his sentence, arguing the district court erred in applying the federal sentencing guidelines as mandatory in violation of United States v. Booker, 125 S. Ct. 738 (2005).

In Booker, the Supreme Court held that the mandatory manner in which the federal sentencing guidelines required courts to impose sentencing enhancements based on facts found by the court by a preponderance of the evidence violated the Sixth Amendment. 125 S. Ct. at 746, 750. The Court remedied the constitutional violation by severing two statutory provisions, 18 U.S.C.A. §§ 3553(b)(1), 3742(e) (West 2000 & Supp. 2005), thereby making the guidelines advisory. See United States v. Hughes, 401 F.3d 540, 546 (4th Cir. 2005).

Watlington does not challenge any enhancements to his sentence, so we need not consider whether his sentence violates his Sixth Amendment rights. Under Booker, in reviewing sentences that do not involve a Sixth Amendment violation, this court applies the plain error and harmless error doctrines in determining whether resentencing is required. Booker, 125 S. Ct. at 769; see Fed. R. Crim. P. 52(a) (appellate court may disregard any error that does

not affect substantial rights).  The harmless error standard permits an error at sentencing to be disregarded if the reviewing court is certain that any such error "did not affect the district court's selection of the sentence imposed."  <u>Williams v. United States</u>, 503 U.S. 193, 203 (1992).  Here, because the district court imposed an alternate discretionary sentence that was identical to the guideline sentence, the error inherent in the application of the guidelines as mandatory did not affect the court's ultimate determination of the sentence nor Watlington's substantial rights.

Accordingly, we affirm Watlington's conviction and sentence.  We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

<u>AFFIRMED</u>